# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JACQUELINE A. BRAKE | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-00296 |
| | § | Judge Mazzant |
| COMMISSIONER | § | |
| OF SOCIAL SECURITY | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for disability insurance benefits. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be remanded.

## HISTORY OF THE CASE

Plaintiff filed her application for disability insurance benefits under Title II of the Social Security Act on March 31, 2011, alleging disability beginning on December 21, 2010 (TR 58-59). The claim was denied initially on June 16, 2011, and upon reconsideration on August 23, 2011 (TR 60-64, 66-69). Plaintiff timely filed a written request for a hearing before an ALJ (TR 70, 74-75). After holding a hearing on April 4, 2012, the ALJ denied benefits on April 26, 2012 (TR 16-27, 32-57). On April 26, 2012, Plaintiff requested Appeals Council review of the ALJ's decision (TR 11-12). The Appeals Council denied the request for review on March 25, 2013, and rendered the ALJ's decision as the final decision of the Commissioner leading to judicial review (TR 1-5).

## STATEMENT OF THE FACTS

Plaintiff was born on November 19, 1960, and was fifty-years-old at the alleged disability onset date (TR 36-37). Plaintiff has an associate degree in applied science (TR 38).

1

Plaintiff has previous work experience as a laboratory veterinary technician and veterinary technician (TR 52). Plaintiff alleged disability due to multiple sclerosis ("MS"), depression, hip pain, lack of energy, loss of memory, uncontrollable crying, unable to sit for long periods due to pain, and unable to walk at a normal pace (TR 41, 109).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After a discussion of the medical data regarding Plaintiff and hearing testimony, the ALJ made the prescribed sequential evaluation. The ALJ held that Plaintiff had not performed substantial gainful activity since her alleged onset date of disability (TR 18). The ALJ found that Plaintiff had severe impairments of obesity and MS (TR 18). However, the ALJ concluded that Plaintiff's severe medical impairments were not severe enough either singly or in combination to meet or medically equal the listed impairments (TR 22). The ALJ also found that Plaintiff's other alleged impairments of cervical disc disease, mood disorder, and mild cognitive disorder were non-severe (TR 21). The ALJ also found that Plaintiff has the residual functional capacity to perform the full range of light work (TR 22). Therefore, the ALJ found Plaintiff capable of performing her past work as a laboratory veterinarian technician, as the performance of such work was not precluded by Plaintiff's residual functional capacity (TR 26). Plaintiff was found not disabled at step four of the sequential evaluation process (TR 26-27).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702

F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook,* 750 F.2d at 393. In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 404.1520(a)(4).

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520. First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1520(f); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff raises the following two issues on appeal: (1) the ALJ failed to consider all of Plaintiff's functional limitations resulting from the medical impairments that he acknowledged to be severe; and (2) the ALJ failed to give due consideration to medical opinion evidence, specifically to Plaintiff's treating neurologist, William Woodfin, M.D. ("Dr. Woodfin"). The Court will address Plaintiff's second issue first.

In her second issue, Plaintiff asserts that the ALJ failed to give due consideration to medical opinion evidence, specifically to the Plaintiff's treating neurologist. Plaintiff argues that because the ALJ failed to give due consideration to the limitations reported by Plaintiff's treating neurologist and how the limitations would impact Plaintiff's ability to return to her previous work experience, the ALJ's determination that Plaintiff can perform light work is not supported by substantial evidence. The Court agrees. In his decision, the ALJ dismisses Dr. Woodfin's opinion without sufficient analysis, commentary, or explanation as to why controlling weight was not given.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing *Greenspan*, 38 F.3d at 237). A treating physician's opinion on the nature and severity of a patient's impairments will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. *Id.* (citing 20 C.F.R. § 404.1527(d)(2)). On the other hand, good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton*, 209 F.3d 455-56. The ALJ's

decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight. SSR 96-2p (1996). The Fifth Circuit has held that "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994).

Where the ALJ rejects the opinion of a treating physician, the Fifth Circuit has held that, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d 448, 453. Under the statutory analysis, the ALJ must evaluate:

> (1) the "length of the treatment relationship and the frequency of the evaluation,"
> (2) the "nature and extent of the treatment relationship,"
> (3) the supporting evidence presented by the physician,
> (4) the level of consistency between the physician's opinion and the record,
> (5) the physician's specialization, and
> (6) any other relevant factors.

20 C.F.R. § 404.1527(c)(2)-(6).

Finally, the Fifth Circuit has held that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (emphasis added); *see also Martinez*, 64 F.3d at 176 ("Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has the sole responsibility for determining a claimant's disability status" and "is free to reject the opinion of any physician when the

evidence supports a contrary conclusion").

Plaintiff's treating physician, Dr. Woodfin, is a board-certified neurologist and a clinical associate professor of neurology at the University of Texas Southwestern Medical School (TR 179). Dr. Woodfin began treating Plaintiff in late 2006 for MS and problems associated with the disease (TR 211, 267). Dr. Woodfin diagnosed Plaintiff with relapsing remitting MS (TR 212). On March 13, 2012, Dr. Woodfin submitted a medical source statement to the Commissioner via Plaintiff's attorney (TR 264). Dr. Woodfin also submitted updated medical records to the Commissioner, via Plaintiff's attorney, on March 22, 2012 (TR 268-69). Dr. Woodfin opined that Plaintiff could sit for four hours per workday, stand or walk less than two hours per workday, and sit continuously for no more than thirty minutes at a time (TR 265-66). Plaintiff would also need to lie down horizontally or recline back during the workday for fifteen to thirty minutes to relieve any pain, fatigue or other symptoms (TR 255-56). Dr. Woodfin also stated that Plaintiff could occasionally balance climbs and stairs, stoop, kneel, crouch, crawl, and reach in all directions (TR 266). Plaintiff can also frequently handle objects with her hands. However, Plaintiff should never climb ladders, ropes, or scaffolds (TR 266). Dr. Woodfin additionally stated that Plaintiff has limitations in both her upper and lower extremities, specifically mild slowing of both extremities (TR 266). Dr. Woodfin concluded that Plaintiff could not sustain a normal work schedule (eight hours per day, five days per week, fifty weeks per year) and would have excessive absences due to MS and fatiguing easily (TR 267). Dr. Woodfin also stated that he does not anticipate improvement with Plaintiff's condition because MS is a progressive disease; but her lower back pain may improve over time with treatment (TR 267). Dr. Woodfin based his findings on multiple MRI scans showing Plaintiff has numerous white matter lesions in her brain (TR 267). Dr. Woodfin also completed a Treating Source Physical Functional Assessment Questionnaire for the Commissioner on August 5, 2011, stating that he was treating

Plaintiff for MS and her fatigue will impact her current functional limitations (TR 254).

In his decision, the ALJ stated: "For reasons stated earlier, Dr. Woodfin's opinion expressed in exhibits 8F and 9F has been accorded weight to a degree that is only consistent to the assessed residual functional capacity in this decision." (TR 26). When an ALJ does not give controlling weight to a treating physician's opinion, the ALJ must perform an analysis of the treating physician's opinion under the six factors set forth in 20 C.F.R. § 404.1527(c)(2)-(6). In his decision, the ALJ does not put forth extensive analysis, if any, to support his conclusion. The ALJ briefly mentions that he "also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-2p, 96-6p, and 06-3p," but comments no further on the factors (TR 22). The Fifth Circuit has held that the ALJ must conduct the required analysis under 20 C.F.R. § 404.1527, as it relates to claimant's treating physician or specialist. *Newton*, 209 F.3d at 456. The ALJ did not conduct the required analysis. Further, before the ALJ determined that Dr. Woodfin's opinion should not be given controlling weight, he only mentioned Dr. Woodfin *three* times throughout his opinion, two of which were fact statements contained within the medical evidence (TR 19, 20, 21).

The ALJ stated that Dr. Woodfin's medical opinion (included within the Physical Functional Assessment Questionnaire submitted August 5, 2011) was inconsistent with the medical opinion of David Turner, M.D.[1] (TR 21). The ALJ was correct in stating that Dr. Turner's opinion was "polar-opposite" of Dr. Woodfin's opinion (TR 21). However, the Questionnaires completed by both physicians are *different*. Dr. Woodfin submitted a Treating Source *Physical* Functional Assessment Questionnaire and Dr. Turner submitted a Treating Source *Mental* Functional Questionnaire (TR 197, 254). The alleged inconsistency touted by the ALJ is not supported by substantial evidence because the two physicians submitted two

---

[1] David Turner, M.D. ("Dr. Turner") is Plaintiff's treating general physician.

different forms, which the ALJ used as a basis for his decision that Dr. Woodfin's opinion is not supported by medical evidence or consistent with the evidence of record. The medical evidence shows that Dr. Woodfin was treating Plaintiff for MS, a *physical* condition and depression, a *mental* condition (TR 254-69). Dr. Turner was treating Plaintiff for a *physical* condition but was not treating Plaintiff for MS or any mental condition (TR 197-99, 208-10, 217-20). In fact, Dr. Turner referred Plaintiff to Dr. Woodfin for diagnosis and treatment of MS (TR 211-12).

Moreover, the ALJ did not conduct the analysis required under 20 C.F.R. § 404.1527(c)(1-6). SSR 96-2p (1996), states as follows:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

The regulation further states that the notice of determination must contain an explanation, albeit brief, of the weight given to the treating source's medical opinion. SSR 96-2p. Here, the ALJ give no explanation on his reasoning. Because the ALJ failed to conduct the required analysis under 20 C.F.R. § 404.1527(c)(1-6), the ALJ's decision should be remanded so that the ALJ can properly weigh and analyze Dr. Woodfin's medical opinion.

The Commissioner argues that the ALJ properly explained why he discounted the opinion of Dr. Woodfin. The Commissioner points out that Dr. Woodfin's opinion was in reference to Plaintiff's disability, a determination reserved solely for the ALJ (TR 21). 20 C.F.R. § 404.1527(d)(1). Nowhere in Dr. Woodfin's medical source statement does he state that Plaintiff is disabled (TR 254-67). Further, the ALJ's stated basis for discounting Dr. Woodfin's opinion because it was inconsistent with his own medical treatment notes and with Plaintiff's other treating physician (TR 21, 197, 264-67).

The ALJ relied on the opinion of the State's agency physician, Robert Gilliand, M.D.

("Dr. Gilliand") (TR 25). Dr. Gilliand is a psychiatrist and is a medical consultant for DDS (TR 179). Dr. Gilliand did physically examine Plaintiff, and submitted a Physical Residual Functional Capacity Assessment to the Commissioner on June 15, 2011 (TR 245-51). Dr. Gilliand opined that Plaintiff could occasionally carry twenty pounds, frequently carry ten pounds and had no other limits on her extremities (TR 245). Dr. Gilliand also stated that Plaintiff could sit for six hours per workday and could stand or walk for six hours per workday (TR 245). Dr. Gilliand noted no other limitations to Plaintiff's functional abilities (TR 246-48). Based on the medical evidence and his consultative exam with Plaintiff, Dr. Gilliand concluded that Plaintiff's alleged functional limitations and restrictions due to her symptoms were not wholly consistent with the objective evidence to the degree of the alleged limitations (TR 249).

The ALJ accepted the opinion of Dr. Gilliand because it was generally consistent with the medical evidence of record (TR 25). However, Dr. Gilliand submitted his assessment to the Commissioner on June 15, 2011, which is nearly nine months (268 days) *before* Dr. Woodfin submitted his medical source statement or the new medical records (TR 246, 264). The record does not indicate if Dr. Gilliand revised his opinion based on the new medical evidence submitted by Dr. Woodfin. Also, the record does not indicate if Dr. Gilliand reviewed any other records submitted to the Commissioner after June 15, 2011, prior to the ALJ hearing. As noted previously, MS is a progressive disease. Thus, the Court cannot conclude that substantial evidence supports the ALJ's decision, and for this reason, the Court recommends this case be remanded.[2]

## **CONCLUSION**

Pursuant to the foregoing, the Court finds that the decision of the Administrative Law Judge is **REMANDED** for further review.

---

[2] Because the Court has recommended remand on Plaintiff's second issue, it will not address Plaintiff's first issue.

**SIGNED** this 20th day of January, 2015.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE